Glenn R. Kantor – SBN 122643
    gkantor@kantorlaw.net
Peter S. Sessions - SBN 193301
    psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Lee Ann Mullen

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE ANN MULLEN,<br><br>Plaintiff,<br><br>vs.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; BREACH OF FIDUCIARY DUTIES AND ATTORNEYS' FEES AND COSTS |

Plaintiff Lee Ann Mullen herein sets forth the allegations of his Complaint against Defendant Sun Life Assurance Company of Canada.

## PRELIMINARY ALLEGATIONS

1. Jurisdiction: This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review. Venue is proper within the Eastern District of California pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff was at all times relevant an employee of Medtronic, Inc. and a resident of Sacramento, County of San Joaquin County, State of California.

4. Plaintiff is informed and believes that Defendant, Sun Life Assurance Company of Canada ("Sun Life" or "Defendant"), is a corporation with its principal place of business in the State of Massachusetts, authorized to transact and transacting business in the Eastern District of California and can be found in the Eastern District of California.

5. Defendant Sun Life is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No, 32137, issued by Sun Life to Gould Medical Group.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

6. Defendant Sun Life is also the party obligated to pay benefits and to determine edibility for benefits under Life Insurance Policy No. 32137, issued by Sun Life to Gould Medical Group.

## FACTS

7. Plaintiff was employed by Gould Medical Group, in its Modesto, California location as nurse practitioner.

8. By virtue of her employment as a nurse practitioner, Plaintiff was enrolled in the Gould Medical Group Employee Benefit Plan, which is an ERISA employee welfare benefit plan (the "Plan").

9. Disability benefits under the Plan are insured by Sun Life under Group Long term Disability Policy No. 32137, issued by Sun Life to Gould Medical Group.

10. The Plan's definition of disability says, "You will qualify for this benefit if: you are not working or are working but you are earning less than 20% of your Indexed Total Monthly Earnings; and you, because of your Injury or Sickness, are unable to perform one or more of the Substantial and Material Acts of your Usual Occupation."

11. The Plan contains a partial disability provision that states: "You will qualify for this benefit if: you are working and have Disability Earnings of more than 20% but less than 80% of your Indexed Total Monthly and you, because of your injury or sickness, are unable to perform the substantial and material duties of your usual occupation."

3
COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

12. The Plan contains a rider for progressive illness: "If, while insured, you are diagnosed with a Progressive Illness and you provide Sun Life with proof from your Physician of a Progressive Illness, you will be eligible for this Progressive Illness Benefit."

13. Progressive illness is defined as "a non-infectious disease or disorder of indefinite duration that causes the afflicted person to gradually become totally or partially disabled as the disease or disorder becomes more severe or the symptoms of the disease become more frequent and impact the afflicted person's ability to perform his or her usual occupation."

14. In addition to the disability benefits owed under her long-term disability policy, Plaintiff was eligible for Life Insurance benefits under the Plan, which were funded by Sun Life policy No. 32137 issued by Sun Life to Gould Medical Group.

15. Plaintiff was enrolled in coverage for $50,000 in life insurance benefits under the Life Insurance Policy.

16. The Life Insurance Policy provides that coverage is continued, and Life Insurance Premiums will be waived if a participant becomes disabled while covered under the Life Insurance Policy. Such benefits are termed as Life Waiver of Premium ("LWOP") benefits.

17. Plaintiff is a participant or beneficiary of the Plan and is covered by the Policies that provide LTD and Life Insurance benefits.

18. Plaintiff ceased work due to a disability related to her medical

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

conditions, including rheumatoid arthritis, on July 19, 2018, while covered under the Plan.

19. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

20. Plaintiff filed an application for LTD benefits under the Plan.

21. Ms. Mullen submitted medical records from her rheumatologist, Dr. Cooper and primary care physician, Dr. Wager in support of her claim, including an attending physician form from Dr. Wager.

22. Sun Life denied Ms. Mullen's application for LTD benefits on December 20, 2018.

23. Sun Life relied, in part, on a medical file review from Stephen Gelfrand, MD, who concluded that although Ms. Mullen had a well-documented history of rheumatoid arthritis, and that intermittent flare-ups of rheumatoid arthritis are common, the limitations given by Dr. Wager were not supported.

24. Plaintiff appealed Sun Life's denial by letter dated June 20, 2019, supporting the appeal by providing a letter describing her condition, contesting Sun Life's reliance on stress as a reason for disability, and attached a letter explaining her missing doctor's notes from around the time she applied for disability benefits.

25. A file reviewing physician reviewed Ms. Mullen's claim and concluded that the records still did not support her restrictions and limitations although she had clearly documented rheumatoid arthritis.

26. Ms. Mullen replied by letter to Sun Life's file reviewing physician, responding to his findings on her claim.

27. While Sun Life's decision was pending, Ms. Mullen attempted a return to work on a reduced schedule with accommodations from April 2019 to October 22, 2019.

28. Ms. Mullen stopped working on October 23, 2019 due to increased pain from rheumatoid arthritis that prevented her from performing her occupation even with accommodations.

29. Ms. Mullen remained eligible for LTD benefits under the Plan as a result of her reduced schedule.

30. Ms. Mullen was also eligible for LWOP benefits when she ceased work on October 23, 2019.

31. Ms. Mullen's income for the period of April 2019 to October 2019 was about half of her prior income because of her reduced schedule.

32. By letter dated January 2, 2020, Sun Life denied her appeal, and stated that its decision was final.

33. Ms. Mullen filed a new application for LTD benefits and an application for LWOP benefits in February 2020, after completing the 90-day elimination period required by the Plan.

34. Sun Life denied Ms. Mullen's LTD application on July 2, 2020 and her LWOP application on July 6, 2020.

35. Ms. Mullen appealed, submitting a medical opinion form from Dr. Barger, her treating rheumatologist, sworn declarations from herself and her family members, and updated medical records from Dr. Barger and Dr. Notorio in support of her appeal.

36. File reviewing physicians for Sun Life reviewed Ms. Mullen's file and again concluded that although her history of rheumatoid arthritis was well documented, no restrictions and limitations were supported.

37. Sun Life again denied Ms. Mullen's claims for LTD and LWOP benefits, relying on the opinions of its file reviewing physicians and rejecting Dr. Barger's opinion.

38. Plaintiff has exhausted her administrative remedies under the Plan.

39. Since receiving Sun Life's final denial, Ms. Mullen has been awarded Social Security Disability benefits. Attached hereto as Exhibit A is a true and correct copy of the Notice of Award.

40. Social Security determined that Ms. Mullen became disabled under its rules as of October 29, 2019.

41. The Plan does not contain an appropriate grant of discretion to Sun life therefore the Court should review Sun Life's decision under the de novo standard review.

42. Sun Life would pay any benefits due out of its own funds.

43. Sun Life owed Plaintiff duties as a fiduciary of the ERISA Plan,

including the duty of loyalty.

44. Sun Life was under a perpetual conflict of interest because the benefits would have been paid out of its own funds

45. Sun Life allowed its concern over its own funds to influence its decision-making.

**FIRST CLAIM FOR RELIEF
AGAINST SUN LIFE
FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF
RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND
ATTORNEYS' FEES AND COSTS
(29 U.S.C. § 1132(a)(1)(B))**

46. Plaintiff restates and realleges, by reference herein, all previous allegations above and by this reference incorporates the same herein as if fully stated.

47. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

48. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

49. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

50. Plaintiff was entitled to total disability benefits from July 2018 until April of 2019, when she attempted to return to work.

51. Plaintiff was entitled to partial disability benefits from April 2019 to October 22, 2019, the period when she attempted to return to work on a reduced schedule with accommodations.

52. Plaintiff is entitled to total disability benefits from October 23, 2019, when she ceased work, and continues to be entitled to benefits through the present.

53. The decisions to deny benefits were wrong under the terms of the Plan.

54. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

55. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

56. The decisions to deny benefits were not supported by substantial evidence in the record.

57. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

58. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

**SECOND AND ALTERNATIVE CLAIM FOR RELIEF
AGAINST SUN LIFE
FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF
RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND
ATTORNEYS' FEES AND COSTS
(29 U.S.C. § 1132(a)(1)(B))**

59. Plaintiff restates and realleges, by reference herein, all previous allegations above and by this reference incorporates the same herein as if fully stated.

60. In the alternative, if the court finds that Ms. Mullen was not disabled as of July 2018, when she made her first claim for benefits, she became disabled and eligible for benefits on October 23, 2019 when she ceased work after being unable to continue in her accommodated position.

61. Under the terms of the Progressive Illness Benefit Rider, Ms. Mullen's income for purposes of the second claim should be considered $125,000 per year, the income she was earning when she first told SunLife about her condition.

62. Plaintiff is entitled to disability benefits from the period October 23, 2019 to ongoing.

63. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

64. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

65. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

66. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

67. The decisions to deny benefits were not supported by substantial evidence in the record.

68. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

69. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

### THIRD CLAIM FOR RELIEF
### AGAINST SUN LIFE
### FOR LIFE INSURANCE PLAN BENEFITS
### (29 U.S.C. § 1132(a)(1)(B))

70. Plaintiff restates and realleges, by reference herein, all previous allegations above and by this reference incorporates the same herein as if fully stated.

71. Under the terms of the Plan, Defendant agreed to provide Plaintiff with LWOP benefits in the event that Plaintiff became disabled as defined by the Life Insurance Policy.

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

72. Plaintiff is disabled and entitled to benefits under the terms of the Life Insurance Policy.

73. Defendant failed to provide benefits due under the terms of the Life Insurance Policy, and these denials of benefits to Plaintiff constitute breaches of the Plan.

74. The decisions to terminate benefits were wrong under the terms of the Plan.

75. The decisions to terminate benefits and decision-making processes were arbitrary and capricious.

76. The decisions to deny benefits were not supported by substantial evidence in the record.

77. As a direct and proximate result of the aforementioned conduct of Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in an amount equal to the amount of benefits to which she would have been entitled to under the Plan.

78. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

As to Plaintiff's First and Second Claims for Relief:

1. Payment of disability benefits due Plaintiff;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and post judgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan;

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

As to Plaintiff's Third Claim For Relief:

7. A finding in favor of Plaintiff against Defendant;

8. An Order requiring the Plan or appropriate Plan fiduciary to reinstate her life insurance benefits and pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

9. Plaintiff's reasonable attorney fees and costs; and

10. Such other and further relief as this Court deems just and proper.

DATED: February 16, 2022    KANTOR & KANTOR, LLP

By: */s/ Glenn R. Kantor*
Glenn R. Kantor
Attorneys for Plaintiff
Lee Ann Mullen

# Exhibit A

# Social Security Administration
## Retirement, Survivors and Disability Insurance
Notice of Award

Great Lakes Program Service Center
600 West Madison Street
Chicago, Illinois 60661-2474
Date: September 19, 2021
BNC#: 21MS450E15779-HA

0000422 00015104    2 SP   0.730   0915M3MCS4PI T102 P

LEE A MULLEN

You are entitled to monthly disability benefits beginning June 2020.

### The Date You Became Disabled

We found that you became disabled under our rules on October 29, 2019.

By law, we can pay benefits no earlier than 12 months before the month of filing. Since you filed for benefits on June 8, 2021, monthly payments will begin June 2020.

### What We Will Pay And When

We pay Social Security benefits for a given month in the next month. For example, Social Security benefits for March are paid in April.

- You will receive $36,624.00 around September 20, 2021.
- This is the money you are due for June 2020 through August 2021.
- Your next payment of $2,454.00, which is for September 2021, will be received on or about the third Wednesday of October 2021.
- After that you will receive $2,454.00 on or about the third Wednesday of each month.
- These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

Enclosure(s):
Pub 05-10153



C                              See Next Page

21MS450E15779-HA                                                                 Page 2 of 4

## Your Benefits

The following chart shows your benefit amount(s) before any deductions or rounding. The amount you actually receive(s) may differ from your full benefit amount. When we figure how much to pay you, we must deduct certain amounts, such as Medicare premiums. We must also round down to the nearest dollar.

| Beginning Date | Benefit Amount | Reason |
|---|---|---|
| June 2020 | $2,423.30 | Entitlement began |
| December 2020 | $2,454.80 | Cost-of-living adjustment |

## Other Social Security Benefits

This benefit is the only benefit you can receive from us at this time. In the future, if you think you might qualify for another benefit from us, you will need to apply again.



## Your Responsibilities

We based our decision on information you gave us. If this information changes, it could affect your benefits. For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "What You Need To Know When You Get Social Security Disability Benefits." It tells you what you must report and how to report. Please be sure to read the parts of the pamphlet that tell you what to do if you go to work or your health improves.

A vocational rehabilitation or employment services provider may contact you to help you in going to work. The provider may be from a State agency or work under contract with Social Security.

If you go to work, we have special rules that let us continue your cash payments and health care coverage. To learn more about how work and earnings affect disability benefits, visit our website at www.socialsecurity.gov/work/. You may also call or visit any Social Security office to ask for the following publications:

- Social Security - Working While Disabled...How We Can Help (SSA Publication No. 05-10095).

- Social Security - If You Are Blind--How We Can Help (SSA Publication No. 05-10052).

## Your Benefits May Be Taxed

You may have to pay taxes on the benefits you get from us. Part of your Social Security benefits may be taxed if:

- you are single and your total income is more than $25,000 or

21MS450E15779-HA  Page 3 of 4

- you are married and you and your spouse have total income of more than $32,000.

You can decide if you want to have federal taxes withheld from your benefits. If you want taxes withheld, you need to complete and return a Form W-4V, Voluntary Withholding Request. You can get Form W-4V from the Internal Revenue Service by calling 1-800-829-3676. You can also get this form at www.socialsecurity.gov/planners/taxes.htm on our website. After you complete and sign the form, return it to your local Social Security office by mail or in person.

You can find more information on paying taxes in the enclosed pamphlet, "What You Need To Know When You Get Social Security Disability Benefits".

## Do You Disagree With The Decision?

If you do not agree with this decision, you have the right to appeal. We will review your case and look at any new facts you have. A person who did not make the first decision will decide your case. We will review the parts of the decision that you think are wrong and correct any mistakes. We may also review the parts of our decision that you think are right. We will make a decision that may or may not be in your favor.

- You have 60 days to ask for an appeal.
- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
- You must have a good reason if you wait more than 60 days to ask for an appeal.
- You can file an appeal with any Social Security office. You must ask for an appeal in writing. Please use our "Request for Reconsideration" form, SSA-561-U2. You may go to our website at www.socialsecurity.gov/online/ to find the form. You can also call, write, or visit us to request the form. If you need help to fill out the form, we can help you by phone or in person.



## Things To Remember For The Future

Doctors and other trained staff decided that you are disabled under our rules. But, this decision must be reviewed at least once every 3 years. We will send you a letter before we start the review. Based on that review, your benefits will continue if you are still disabled, but will end if you are no longer disabled.

## If You Want Help With Your Appeal

You can have a friend, representative, or someone else help you. There are groups that can help you find a representative or give you free legal services if you qualify. There are also representatives who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

21MS450E15779-HA                                                    Page 4 of 4

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a representative who is eligible for direct pay, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

**Suspect Social Security Fraud?**

Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

**If You Have Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-888-257-3021. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:



               SOCIAL SECURITY
               STE 3
               1110 W KETTLEMAN LANE
               LODI CA 95240

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

                                              *Social Security Administration*